Filed 11/25/20  P. v. Rodriguez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARTIN RODRIGUEZ,<br><br>    Defendant and Appellant. | B298424<br><br>(Los Angeles County<br>Super. Ct. No. BA188897) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Reversed and remanded.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Martin Rodriguez (defendant) appeals from an order denying his petition for resentencing pursuant to Penal Code section 1170.95.[1]  The Attorney General concedes a remand for further section 1170.95 proceedings is required, and that is what we shall order.

A jury convicted defendant of one count of first degree murder (§ 187, subd. (a)) based on evidence the murder victim was fatally shot while in defendant's car to obtain marijuana. The jury was unable to reach a verdict on: a charged count of second degree robbery (§ 211), an allegation that defendant committed the murder while engaged in a robbery (§ 190, subd. (a)(3), (17)), and gun use enhancements (§§ 1203.6, subd. (a)(1), 12022.5, subd. (a)(1), 12022.53, subds. (b)-(d)).  The trial court sentenced defendant to 25 years to life in prison.

On direct appeal, defendant argued the jury instructions (which included theories of liability for first degree murder, felony murder, aiding and abetting, and the natural and probable consequences doctrine) permitted a lack of unanimity.  We affirmed defendant's conviction, holding the jury only had to agree that defendant committed first degree murder, which it unanimously did.

In January 2019, defendant filed a section 1170.95 petition seeking to vacate his murder conviction because, he contended, he was not the actual killer, he did not harbor an intent to kill, and he was not a major participant in the crimes of conviction who acted with reckless indifference to human life.  The trial court appointed counsel for defendant, and the People filed an

---

[1]     Undesignated statutory references that follow are to the Penal Code.

opposition to defendant's petition. The opposition argued the legislation adding section 1170.95 to the Penal Code (Senate Bill No. 1437) was unconstitutional and asked for leave to submit supplemental briefing if the court were to reach the merits of defendant's eligibility for relief. At a hearing on defendant's section 1170.95 petition, defendant's attorney asked the court to schedule a further hearing and stated the parties intended to submit a request for the preparation of trial transcripts.

Five days later, however, the trial court denied defendant's petition. The court found defendant was "properly convicted of murder" and ineligible for sentencing relief under section 1170.95. Specifically, the court reasoned defendant attempted to hide evidence of the murder and rejected his claim that another person was the actual killer because it "rested solely on his self-serving trial testimony which the jury rejected." In the alternative, the trial court also found Senate Bill No. 1437 unconstitutional.

## II. DISCUSSION

Defendant argues the trial court erred in finding section 1170.95 unconstitutional and in failing to follow section 1170.95's procedural requirements. The Attorney General agrees, conceding (a) the trial court was wrong to find Senate Bill No. 1437 unconstitutional and (b) the trial court's summary denial of defendant's petition does not comport with the procedure specified by section 1170.95. We agree with the parties and reverse.

The trial court denied defendant's petition after the prosecution filed its opposition but before defendant's attorney

3

had an opportunity to file a reply.[2]  That is reversible error. (§ 1170.95, subd. (c) ["The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served"]; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, review granted Mar. 18, 2020, S260493 ["Because the court is only evaluating whether there is a prima facie showing the petitioner falls within the provisions of the statute, however, if the petitioner's ineligibility for resentencing under section 1170.95 is not established as a matter of law by the record of conviction, the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief"].)

The trial court's alternative holding is also erroneous; Senate Bill No. 1437 is constitutional.  (See, e.g., *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762, 769 ["Senate Bill No. 1437 addresses the *elements* of the crime of murder and is directed to the mental state and conduct

---

[2]    In articulating its reasons for the denial, the court also made a premature credibility finding adverse to the facts asserted in defendant's petition and not based on any prior admission by defendant or finding by a factfinder.

4

of those accused of murder.  [Citation.]  It does not authorize anything [two voter-approved] initiatives prohibited, nor prohibit anything they authorized"]; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Superior Court (Gooden)* (2020) 42 Cal.App.5th 270; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246 ["[W]e conclude the resentencing provision of Senate Bill 1437 does not contravene separation of powers principles or violate the rights of crime victims"].

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and the matter is remanded with directions to permit appointed counsel for defendant to file a reply to the prosecution's opposition (including any supplemental filing the court may permit) and to thereafter proceed consistent with section 1170.95, subdivisions (c) through (e).


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.                                          KIM, J.


5